IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN PATRICK KROBATH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MONTGOMERY COUNTY | : | NO. 12-4393 |
| CORRECTIONAL FACILITY and | : | |
| PRIME CARE MEDICAL, INC. | : | |

## MEMORANDUM

**DUBOIS, J.**                                                                                                    **OCTOBER 1, 2012**

Currently before the Court is plaintiff Ryan Patrick Krobath's Amended Complaint against the Montgomery County Correctional Facility and Prime Care Medical, Inc. ("Prime Care"). For the following reasons, the Court will dismiss the Amended Complaint.

Plaintiff asserts Eighth Amendment claims against the Montgomery County Correctional Facility, where he is currently incarcerated, and Prime Care Medical, Inc., the medical provider at the prison, based on his allegation that prison officials did not treat a small pimple/pimples on his right arm as quickly as he would have liked. He claims that he was not given treatment – cream and antibiotics – until "weeks" after the problem was reported and, as a result, the pimple/pimples grew into "quarter sized lesions" that left a scar. (Am. Compl. ¶¶ II.D, III.) Plaintiff's initial complaint reveals that he reported the sores on June 18, 2012, when they began to develop, that he was prescribed ointment by a doctor on July 4, 2012, and that he was treated again on July 25, 2012.

As plaintiff is proceeding in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the Amended Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a

complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). As plaintiff is proceeding pro se, the Court must construe his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

To state an Eighth Amendment claim, a plaintiff must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. See Farmer v. Brennan, 511 U.S. 825, 835 (1994). Furthermore, "[i]t is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute deliberate indifference." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir.1999) (quotations omitted). A two-and-a-half week delay in treatment of sores on plaintiff's arm that, based on the facts alleged by plaintiff, did not reflect an immediate need for medical treatment, does not establish that prison officials acted with deliberate indifference. See Hankey v. Wexford Health Sources, Inc., 383 F. App'x 165, 171 (3d Cir. 2010) ("[Plaintiff's] claim amounts to a disagreement over whether he received the best, or the quickest, or the most appropriate care for his condition, and such a disagreement over medical treatment does not rise to the level of deliberate disagreement."); Gutierrez v. Peters, 111 F.3d 1364, 1374 (7th Cir. 1997) (affirming grant of judgment on the pleadings when inmate received treatment for painful cyst even though he experienced delays in treatment).

Plaintiff has failed to plead facts which sufficiently state a claim of deliberate indifference to serious medical needs by any prison officials or employees of Prime Care Medical, Inc. The

Amended Complaint thus fails to allege a violation of plaintiff's Constitutional rights.  For that reason, the Amended Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). See Sanford v. Stiles, 456 F.3d 298, 314 (3d Cir. 2006) ("[F]or municipal liability to exist, there must still be a violation of the plaintiff's constitutional rights.").

    The Court concludes that further amendment of the Amended Complaint would be futile because it is apparent that plaintiff cannot state an Eighth Amendment claim based on what he believes was inadequate treatment of his sores.  Thus leave to amend is not granted.

    An appropriate order follows.